UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                    1:19-cr-10118-DPW

DERRICK SEMEDO

SENTENCING MEMORANDUM OF THE UNITED STATES

Over nine months in 2016, Derrick Semedo illegally imported 22 protected water monitor lizards into the United States with the intent to sell them for profit.  Semedo's suppliers in the Philippines had taken these lizards from their natural habitats, stuffed them into heavily taped socks, and secreted those socks inside electronics equipment for shipment to the United States.

On April 23, 2019, Semedo pleaded guilty to a felony Information charging him with wildlife trafficking in violation of the Lacey Act, 16, U.S.C. § 3372(a)(1) & (d)(1)(B). Sentencing is scheduled before the Court on August 15, 2019 at 12:30 p.m.  The Presentence Report ("PSR") assigns Semedo a Total Offense Level of 12 and to Criminal History Category I, with a resulting advisory Guidelines Sentencing Range of 10 to 16 months in prison (PSR ¶ 72)—a calculation consistent with the parties' November 19, 2018 plea agreement.

For the reasons stated below, and consistent with its obligations in the plea agreement, the United States respectfully requests that the Court sentence Semedo to two years' probation— a term that should include four months' home confinement and a requirement that he perform 180 hours of community service.  Semedo's decorated military service, including on active duty in Afghanistan, counsels in favor of what amounts to a one-level variance from the advisory GSR.  The Court should also order Semedo to pay the required $100 special assessment and to forfeit the water monitor lizard known as "Flash."  (Docket No. 12).

I.      3553(a) Factors

    a.      Seriousness of the Offense

Wildlife trafficking in protected and vulnerable species is a serious criminal offense.  It creates and sustains demand for illegally taken wildlife, both in source countries and destination markets.  Trafficking directly undermines regulators' worldwide efforts, through treaties like the Convention on International Trade in Endangered Species of Wild Flora and Fauna ("CITES"), to ensure species survival.  Species survival, in turn, affects biodiversity, which has myriad ecological and economic impacts, from pharmaceutical advances to pollution control to tourism.

Semedo purchased directly from his Philippine suppliers, knowing that they were illegally harvesting monitor lizards from their natural habitats without regard for the health of the individual lizards or the water monitor lizard populations left behind.  (PSR ¶ 10).  Semedo and his poachers' mistreatment of the lizards—stuffing them in socks and shipping them internationally concealed inside electronic equipment—also showed a callous disregard for the lizards' well-being.[1]

Semedo's use of Facebook to buy and to offer protected lizards for sale also presents a serious challenge to regulators and to law enforcement.  One January 2018 study reported that online sales platforms have largely displaced the physical markets in the Philippines that were a traditional source of live reptiles, and that at least 90 different groups dedicated to the trade in live reptiles could be found on Facebook during a three-month period in 2016.  *Trading Faces – Utilisation of Facebook to Trade Live Reptiles in the Philippines*, Emerson Y. Sy, January 2018 (visited July 31, 2019 at  https://www.traffic.org/site/assets/files/1754/20180119-facebook-

---

[1]Lizards shipped in this manner sometimes died or became sick in transit.

reptile-trade-philippines.pdf).  The internet gave scale to Semedo's smuggling activities[2] and made it more serious as a result.

> b.  General and Specific Deterrence

The scale of the illegal wildlife trade also speaks to the need for a sentence that will deter others from violating the Lacey Act.  Semedo's case illustrates that trafficking is difficult to detect and prosecute.  Only a chance x-ray of an inbound commercial package in June 2016 revealed the existence of Semedo's trafficking network, after several similar packages had already gotten through.  This Court has little ability to deter overseas poachers, but it can deter U.S. customers like Semedo from illegally importing wildlife and providing the poachers with the financial means to take more wildlife from its natural habitat.

The Court's sentence should also serve to deter Semedo.  He plans to breed and sell lizards and dogs lawfully through his new business, DC Herps, LLC.  (PSR ¶ 63).  But simply by remaining in the reptile business, he is likely to receive offers to buy illegally sourced lizards. The requested sentence should remind Semedo of the perils of that path and of likely imprisonment should he re-offend, upon either being charged anew or having his probation revoked.

> c.  History and Characteristics of the Defendant

Semedo is a 36-year old resident of Nashua, New Hampshire.  He is married with four children, including one-year old twins.  (PSR ¶¶ 49-52).  He has worked a truck driver, earning between $50,000 and $70,000 per year, but is currently on unemployment assistance.  (PSR

---

[2]There is no dispute that the retail value of the trafficked monitor lizards was approximately $55,000.  Although Semedo did not profit to this extent, he and others in the United States paid nearly $10,000 to import the lizards and sold some of them domestically. Semedo was not simply a hobbyist.

¶¶ 63-66).  This is Semedo's first conviction of any kind.  At age 18, he successfully completed a short term of pretrial probation after being arrested for disorderly conduct and resisting arrest. (PSR ¶ 35).

As confirmed by his Department of Defense Form DD214, Semedo served for six years in the United States Army/Massachusetts Army National Guard, including as part of the 211th Military Police Battalion out of Lexington, Massachusetts.  Semedo was deployed to Afghanistan for five months in 2014.  He was discharged honorably from active duty as a Specialist E-4, a rank above Private First Class and below Corporal.  He received several medals and commendations:  the Afghanistan Campaign Medal with Campaign Star; Army Commendation Medal; National Defense Service Medal; Global War on Terrorism Service Medal; Army Service Ribbon; Armed Forces Reserve Medal; and the NATO Medal.

The Sentencing Guidelines recognize that military service may be relevant to determining whether a departure is warranted.  USSG, § 5H1.11.  While the United States does not seek such a departure here, and it does not move for variant sentences for all veterans, Semedo's combination of active duty service in a particularly violent region of the world and the commendations he received counsel some leniency.  A one-level variance that would acknowledge Semedo's service and permit a Guidelines sentence that includes probation, home detention, and community service seems appropriate, especially where this is his first criminal conviction.

d.   Sentences for Similar Conduct

The requested sentence would also achieve proportionality with others investigated and prosecuted in connection with the trafficking of water monitor lizards during this time period.

Gayle Simpson was prosecuted in the Central District of California for importing wildlife contrary to law (in violation of 18 U.S.C. § 545) through six shipments of water monitor lizards likely obtained from Semedo's Philippine source of supply.  On March 29, 2018, the Honorable Manuel L. Real sentenced Simpson to a probationary term of three years that included six months of home confinement and 100 hours of community service.  *United States v. Simpson*, 2:17-cr-00567-R (C.D. Ca. Mar. 29, 2018).

Barry Lambert was also prosecuted in the Southern District of California for violating the Lacey Act through the unlawful importation of nine water monitor lizards.  On August 18, 2018, Lambert, who had been on pretrial release for a separate Lacey Act charge in the Central District of California, was sentenced to 21 months' imprisonment and to pay $25,000 restitution to Philippine Department of Environmental and Natural Resources.  *United States v. Lambert*, 3:18-cr-02531-JAH (S.D. Ca. Aug .18, 2018).

Anthony Nguyen was also prosecuted in the Central District of California for violating 18 U.S.C. § 545 in connection with his receipt of four shipments of smuggled lizards from the Philippines.  On August 13, 2018, Nguyen was sentenced to a term of three years' probation and to perform 180 hours of community service.  *United States v. Nguyen*, 8:18-cr-00063-CJC (C.D. Ca. Aug. 13, 2018).

Joshua King was prosecuted in the Central District of Illinois for Lacey Act violations involving his receipt of six lizards from the Philippines.  On January 14, 2019, King was sentenced to 12 months and 1 day in custody.  *United States v. King*, 1:18-cr-10030-JBM-JEH (C.D. Ill. Jan. 14, 2019).

Finally, as noted in the PSR, in December 2017, Jhesul Nino Sanguyo Paras and Alpie Jun R. Juguiolon — Semedo's Phillipine sources of supply — were convicted of violating the

Philippines' Wildlife Resources Conservation and Protection Act of 2001 (Republic Act 9147). Paras was sentenced to one year imprisonment and ordered to pay a P20,000 fine (approximately $385).  Juguilon received a one month jail sentence and was ordered to pay a P15,000 fine (approximately $290).  (PSR ¶ 8 n.1).

Together these cases suggest that, for a first offense involving several shipments of protected wildlife, a probationary sentence that incorporates home confinement and community service would achieve the sentencing goal of seeing similarly situated defendants given comparable sentences.

CONCLUSION

For all of these reasons, the United States respectfully requests that the Court sentence

Derrick Semedo to two years' probation, and that it impose four months of home confinement

(with exceptions for employment and other Probation-approved absences) and a 180-hour

community service requirement as probationary terms.  Given defendant's financial condition,

the United States does not seek the imposition of a fine.

|  | Respectfully submitted, |
|---|---|
|  | ANDREW E. LELLING<br>United States Attorney |
| By: | */s/Seth B. Kosto* |
|  | SETH B. KOSTO<br>Assistant U.S. Attorney<br><br>JEFFREY BOSSERT CLARK<br>ASSISTANT ATTORNEY GENERAL<br>ENVIRONMENT AND NATURAL<br>RESOURCES DIVISION<br>U.S. DEPARTMENT OF JUSTICE<br><br>_*/s/Gary N. Donner*_____<br>GARY N. DONNER<br><br>Trial Attorneys<br>Environmental Crimes Section<br>U.S. Department of Justice |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

*/s/Seth B. Kosto*
SETH B. KOSTO
Assistant United States Attorney

Date: August 7, 2019